**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| TATUM STAMLER, *on behalf of herself and others similarly situated,* | ) | Civil Action No.: 1:23-cv-110 |
| Plaintiff, | ) | Jury Trial Demanded |
| v. | ) | |
| GUARDIAN SAVINGS BANK, | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

### Nature of the Action

1. Tatum Stamler ("Plaintiff") brings this class action against Guardian Savings Bank ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and belief, Defendant routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice, without the prior express consent of the consumers, in that Defendant repeatedly delivered artificial or prerecorded voice messages to wrong

or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's calls.

**Jurisdiction**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this District.

6. Defendant resides in this District, directed its prerecorded voice messages to Plaintiff in this District, and Plaintiff received Defendant's calls and prerecorded voice messages in this District.

**Parties**

7. Plaintiff is a natural person who at all relevant times resided in Hamilton, Ohio.

8. Defendant is a savings bank based in West Chester, Ohio.

9. Defendant services over $3 billion in mortgage loans.[1]

10. Defendant offers a "wide variety of conventional conforming and non-conforming loans, along with FHA and VA loans."[2]

11. Defendant considers itself "a leader in construction, lot, investment, and apartment loans."[3]

12. Defendant's original charter was granted in April 1895, and it now has 12 offices in Cincinnati, Northern Kentucky, and Lexington.[4]

---

[1] https://guardiansavingsbank.com/about-us/ (last visited Feb. 21, 2023).

[2] *Id.*

[3] *Id.*

## Factual Allegations

13. Since approximately 2019 and continuing through the present, Plaintiff has been the sole and customary user of telephone number (513) XXX-4557.

14. Since at least 2019 and continuing through the present, telephone number (513) XXX-4557 has been assigned to a cellular telephone service.

15. From approximately September 2019 through 2021, Defendant placed numerous calls and delivered artificial or prerecorded voice messages to telephone number (513) XXX-4557.

16. Defendant placed at least one call to telephone number (513) XXX-4557 on September 23, 2019.

17. Defendant placed at least one call to telephone number (513) XXX-4557 on September 25, 2019.

18. Defendant placed at least one call to telephone number (513) XXX-4557 on September 26, 2019.

19. Defendant placed at least one call to telephone number (513) XXX-4557 on September 30, 2019.

20. Defendant placed at least one call to telephone number (513) XXX-4557 on March 11, 2021.

21. Defendant placed at least one call to telephone number (513) XXX-4557 on March 18, 2021.

22. Defendant placed at least one call to telephone number (513) XXX-4557 on March 24, 2021.

---

[4] *Id.*

23. Defendant placed at least one call to telephone number (513) XXX-4557 on March 29, 2021.

24. Defendant placed at least one call to telephone number (513) XXX-4557 on March 31, 2021.

25. Defendant placed at least one call to telephone number (513) XXX-4557 on April 19, 2021.

26. Defendant placed at least one call to telephone number (513) XXX-4557 on April 21, 2021.

27. Defendant placed at least one call to telephone number (513) XXX-4557 on April 23, 2021.

28. Defendant placed at least one call to telephone number (513) XXX-4557 on April 26, 2021.

29. In connection with several of its calls to telephone number (513) XXX-4557, Defendant delivered an artificial or prerecorded voice message.

30. For example, on September 23, 2019, Defendant delivered a prerecorded voice message to the voice mail box associated with telephone number (513) XXX-4557 that stated:

> Hello, this is Guardian Savings Bank. This is not a solicitation call. We have an important message for Blaine, Emily. Please call Chuck Bailey at (513) 842-0958. Our office is open from 8 am to 5 pm Monday through Friday. Thank you. We look forward to talking with you.

31. On March 11, 2021, Defendant delivered an identical prerecorded voice message to the voice mail box associated with telephone number (513) XXX-4557 that stated:

> Hello, this is Guardian Savings Bank. This is not a solicitation call. We have an important message for Blaine, Emily. Please call Chuck Bailey at (513) 842-0958. Our office is open from 8 am to 5 pm Monday through Friday. Thank you. We look forward to talking with you.

32. Defendant delivered identical prerecorded voice messages to the voice mail box associated with telephone number (513) XXX-4557 on March 18, March 24, March 29, and March 31, 2021.

33. Plaintiff listened to the artificial or prerecorded voice messages Defendant delivered to her cellular telephone.

34. On several occasions in 2021, Plaintiff answered Defendant's calls to her cellular telephone.

35. Each time Plaintiff answered one of Defendant's calls, a prerecorded voice message played.

36. Upon information and good faith belief, Defendant's records will identify each call it placed to telephone number (513) XXX-4557.

37. Upon information and good faith belief, Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (513) XXX-4557.

38. Defendant did not have Plaintiff's prior express consent to place any calls to her cellular telephone number.

39. Defendant did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to her cellular telephone.

40. Plaintiff never provided her cellular telephone number to Defendant.

41. Plaintiff never had any business relationship with Defendant.

42. Plaintiff does not have, and never had, an account with Defendant.

43. Plaintiff does not, and never did, owe any money to Defendant.

44. Plaintiff is not Emily Blaine.

45. Plaintiff does not know Emily Blaine.

46. Plaintiff did not authorize Emily Blaine to use her cellular telephone number.

47. Defendant did not place any calls to telephone number (513) XXX-4557 for emergency purposes.

48. Defendant did not deliver any artificial or prerecorded voice messages to telephone number (513) XXX-4557 for emergency purposes.

49. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (513) XXX-4557 under its own free will.

50. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone number (513) XXX-4557.

51. Plaintiff suffered actual harm as a result Defendant's calls and artificial or prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, a private nuisance, and was forced to spend time trying to determine who the calls were from and how to get them to stop.

52. Upon information and good faith belief, Defendant, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

53. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom Guardian Savings Bank placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account with Guardian Savings Bank, (3) with an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.

Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

54. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

55. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

56. The proposed class is ascertainable because it is defined by reference to objective criteria.

57. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.

58. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

59. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without her consent, in violation of 47 U.S.C. § 227.

60. Like all members of the proposed class, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though she does not, and never did, have an account with Defendant.

61. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

62. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

63. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

64. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

65. There will be little difficulty in the management of this action as a class action.

66. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

67. Among the issues of law and fact common to the class are:

a. Defendant's violations of the TCPA as alleged in this class action complaint;

b. Defendant's use of an artificial or prerecorded voice in connection with its calls;

c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

d. Whether Defendant is liable for artificial and prerecorded messages it delivered to persons who did not have an account with it; and

e. the availability of statutory damages.

68. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of Plaintiff and the class**

69. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-68.

70. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent.

71. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

**Jury Trial Demanded**

Plaintiff hereby demands a trial by jury.

Dated: February 24, 2023

*/s/ Ronald S. Weiss*
Ronald S. Weiss, Attorney & Counselor
Ohio Bar No. 0076096
6725 West Central Ave., M310
Toledo, OH 43617
Tel: 248-737-8000
ron@ronweissattorney.com

Michael L. Greenwald (to seek admission PHV)
Jesse S. Johnson (to seek admission PHV)
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class