UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TATUM STAMLER,                      Case No: 1:23-cv-110

         Plaintiff,                      Barrett, J.
v.                                        Bowman, M.J.

GUARDIAN SAVINGS BANK,

         Defendant.

**REPORT AND RECOMMENDATION**

On February 24, 2023, Plaintiff filed a putative class action under the Telephone Consumer Protection Act ("TCPA") against Defendant Guardian Savings Bank. Defendant has moved to dismiss the complaint on grounds that Plaintiff lacks standing, thereby depriving this Court of subject matter jurisdiction. For the following reasons, Defendant's motion should be denied.

**I.    Standard of Review**

Defendant's motion seeks dismissal under Rule 12(b)(1), Fed. R. Civ. P. Such motions "come in two varieties": (1) a facial attack, which questions the sufficiency of the pleading with the allegations to be accepted as true, or (2) a factual attack, where "no presumptive truthfulness applies to the factual allegations." *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). Defendant's focus on standing reflects a facial attack. "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 95 S.Ct. 2197,

2206, 422 U.S. 490, 501 (1975); *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015). Thus, the Court accepts the allegations of the complaint as true and construes them in the light most favorable to Plaintiff here.

## II.   Allegations of Complaint

Plaintiff generally alleges that between September 2019 and April 2021, without any prior business relationship or her consent, Defendant placed 13 calls and delivered artificial or prerecorded voice messages to her cellular telephone in violation of the TCPA. (Doc. 1, ¶¶15-28). She alleges that the voice messages stated that Defendant had "an important message for B___ Emily,"[1] and urged the recipient to return the call during business hours. (*Id.*, ¶¶ 30-32). Plaintiff alleges that she does not know Emily B. and did not authorize her to use Plaintiff's telephone number. (*Id.*, ¶¶44-46). She alleges that she "suffered actual harm as a result Defendant's calls" including "an invasion of privacy, an intrusion into her life, [and] a private nuisance," and "was forced to spend time trying to determine who the calls were from and how to get them to stop." (*Id.*, ¶51).

## III.  Defendant's Rule 12(b)(1) Motion

In its motion to dismiss, Defendant argues that Plaintiff has alleged no "actual injury in fact" and therefore lacks constitutional standing under Article III of the U.S. Constitution. (Doc. 12 at 6, PageID 37). In order to establish standing a plaintiff must show: "(1) a concrete and particularized injury-in-fact which (2) is traceable to the defendant's conduct and (3) can be redressed by a favorable judicial decision." *Dickson v. Direct Energy, LP*, 69 F.4th 338 (6th Cir. 2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) and *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Relying heavily on the Eleventh

---

[1] In the interest of protecting the privacy of a non-party to this litigation, the undersigned refers to this individual as "Emily B."

2

Circuit's approach in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), Defendant urges this Court to hold that Plaintiff's alleged intangible injuries – invasion of her privacy or intrusion into her life – are not the type of concrete injury that can satisfy Article III. Additionally, even if the TCPA allows for the recovery of statutory damages for such calls, Defendant points out that statutory damages alone cannot create standing.

Defendant is correct that Article III "requires a concrete injury" to demonstrate standing. See *Spokeo*, 578 U.S. at 341; *Hagy v. Demers & Adams*, 882 F.3d 616, 623 (6th Cir. 2018). And it is also true that Plaintiff has alleged no "tangible" injury such as an increase in her cellular phone bill from the unwanted calls. That said, recent Sixth Circuit cases squarely hold that a plaintiff's receipt of a single unwanted voicemail "is injury enough" to establish Article III standing based upon intangible injury, because "[t]he intrusion caused by unwanted phone calls bears a 'close relationship' to the *kind* of harm" protected by common-law intrusion upon seclusion. See *Ward v. NPAS, Inc.*, 63 F.4th 576, 580-81 (6th Cir. 2023) (quoting *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 462-463, 463 n.2 (7th Cir. 2020)). Rejecting the Eleventh Circuit's contrary approach, *Ward* cited with approval the reasoning of the Seventh Circuit and other circuits that standing exists even if the volume of such calls is "too minor an annoyance to be actionable at common law," *see id.*, because under *Spokeo*, 578 U.S. at 341, "Congress may choose to 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.*

Attempting to find room for disagreement, Defendant contends that the "non-solicitation" calls at issue here are not the type of harm that the TCPA is intended to protect. Defendant asserts that "unintentional" calls are not covered by the TCPA, and

3

asserts that Plaintiff's own allegations reflect that the individual Defendant intended to reach was "Emily B." Plaintiff's transcription of one pre-recorded call also contains the sentence: "This is not a solicitation call." (Doc. 1 at ¶31).

But in the context of a facial attack on jurisdiction mounted under Rule 12(b)(1), the factual record remains undeveloped. And Defendant cites no controlling case law that a caller's identification of calls as "not a solicitation" pre-emptively exempts them from violating the TCPA. It is also far from clear that a commercial caller that otherwise violates the TCPA can escape civil liability if the caller can prove the calls were unintentional[2] and/or not for the primary purpose of solicitation. *See, e.g.*, *Gadelhak*, 950 F.3d 460 (holding that standing exists for text messages asking survey questions of existing customers that were inadvertently sent to the non-customer plaintiff).

In its reply memorandum, Defendant further argues that *Ward* is distinguishable because it arose under the Fair Debt Collection Practices Act ("FDCPA"), rather than the TCPA. But both the reasoning and the express language of *Ward* easily encompass the facts alleged here.[3] In addition, any lingering hope that Defendant may have harbored for this Court to reach a different result was laid to rest by the Sixth Circuit's recent reversal of an unpublished case that had adopted the Eleventh Circuit's approach prior to the

---

[2]Defendant asserts that the call was directed to an individual who previously was assigned the same cellular number. Defendant further asserts that it had no actual or constructive notice that its prior customer's number had been reassigned. Apart from the problem that these assertions assume facts not (yet) in evidence, Defendant's legal arguments are insufficiently developed and are more consistent with a Rule 12(b)(6) motion for failure to state a claim. Notably, the two unpublished cases cited by Defendant arose in the context of summary judgment. *See*, *e.g.*, *Sandoe v. Boston Scientific Corp.*, No. 18-11826-NMG, 2020 WL 94064, at *5 (D. Mass. Jan. 8, 2020); *Roark v. Credit One Bank, N.A.*, No. 16-173, 2018 WL 5921652, at *8 (D. Minn. Nov. 13, 2018).

[3]*Ward* expressly relied on TCPA case law from the Seventh, Fourth, Third and Second Circuits, rejecting the defendant's argument that standing under the TCPA is distinguishable because "the TCPA and FDCPA 'have different goals.'" *Id.*, 63 F.4th at 581.

publication of *Ward*. *See Dickson v. Direct Energy, L.P.*, Case No. 5:18-cv-182, 2022 WL 889207 (N.D. Ohio Mar. 25, 2022). In reversing the lower court, the Sixth Circuit confirmed that receipt of even a single call for commercial purposes presents a concrete harm sufficient to confer standing to make a claim under the TCPA. *Dickson*, 69 F.4th 338 (6th Cir., June 1, 2023).

### IV. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 12) be **DENIED**.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TATUM STAMLER, | Case No: 1:23-cv-110 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| GUARDIAN SAVINGS BANK, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections must specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party must respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).